1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JUAN JERONIMO-PABLO,

                Petitioner,

      v.

A. NEIL CLARK,

                Respondent.

CASE NO.  C07-2045-MJP-JPD

REPORT AND RECOMMENDATION

## I.  INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Juan Jeronimo-Pablo, proceeding pro se, has filed a Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241, arguing that "the $5,000 bond imposed on him is

excessive and violates his eighth amendment for release on reasonable bond." (Dkt. 6).

Petitioner requests that the Court issue an order releasing him under house arrest or reducing his

bond to $1,500.  (Dkt. 6).  Respondent has moved to dismiss, arguing that petitioner is properly

detained without bond pending the resolution of his Petition for Review in the Ninth Circuit

Court of Appeals.  (Dkt. 11).

Having carefully reviewed the entire record, I recommend that petitioner's habeas

petition (Dkt. 6) be DENIED and respondent's motion to dismiss (Dkt. 11) be GRANTED.

REPORT AND RECOMMENDATION
PAGE – 1

II. <u>BACKGROUND AND PROCEDURAL HISTORY</u>

Petitioner is a native and citizen of Guatemala who entered the United States at Brownsville, Texas without inspection on or about July 1, 2005. (Dkt. 13 at L82, L84). On August 9, 2005, petitioner was arrested by ICE at his home in Shelton, Washington. (Dkt. 13 at L5). ICE served petitioner with a Notice to Appear, charging him with removal for being present in the United States without being admitted or paroled, in violation of Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"). (Dkt. 13 at L2). ICE set bond in the amount of $5,000. (Dkt. 13 at L4). Petitioner did not post bond and remained in ICE custody.

On December 6, 2005, an Immigration Judge ("IJ") denied petitioner's applications for asylum, withholding of removal, and protection under the Convention Against Torture, and ordered him removed to Guatemala. (Dkt. 13 at L79). Petitioner appealed the IJ's decision to the Board of Immigration Appeals ("BIA"), who affirmed the IJ's decision and dismissed the appeal on March 24, 2006. (Dkt. 13 at R196).

On April 24, 2006, petitioner filed a Petition for Review and a motion for stay of removal with the Ninth Circuit Court of Appeals. *Jeronimo-Pablo v. Gonzales*, Case. No. 06-72157 (9th Cir. filed April 24, 2006). Under Ninth Circuit General Order 6.4(c)(1), this caused a temporary stay to automatically issue. Petitioner's petition for review remains pending in the Ninth Circuit.

On October 31, 2006, while his Petition for Review was pending, petitioner jointly filed a Petition for Writ of Habeas Corpus with petitioner Genaro Escalante-Calmo. (*See Escalante-Calmo v. Clark*, Case No. C06-1575, Dkt. 1). The Court subsequently bifurcated the action,

REPORT AND RECOMMENDATION
PAGE – 2

1   and the two habeas cases proceeded as separate actions.  (*See Escalante-Calmo v. Clark*, Case

2   No. C06-1575-RSL, Dkt. 4; *Jeronimo-Pablo v. Clark*, Case No. C06-1606-RSL, Dkt. 3).

3          On February 2, 2007, ICE issued a Notice to Alien of File Custody Review, informing

4   petitioner that his custody status would be reviewed on or about February 15, 2007, and that he

5   could submit any documentation he wished to be considered in support of his release prior to

6   that date.  (Dkt. 13 at R305-06).  Despite being advised of his right to do so, petitioner did not

7   submit any materials in support of his release.  The ICE reviewing officer recommended that

8   petitioner remain in custody, stating,

9
10          JERONIMO has no known criminal history in the United States and does not
            appear to be a danger to the community.  However, JERONIMO has not provided
11          any evidence of community ties or family-members in the United States, or any
            information as to where he might live and who would support him if released.
12          Moreover, JERONIMO has lived illegally in the United States for over two years
            and only came to the attention of the government when he was encountered by
13          ICE agents during a fugitive operation.  JERONIMO has presented no favorable
            factors suggesting he would not pose a flight risk if released.  Finally, JERONIMO
14          is a national of Guatemala, a country that immediately issues travel documents.
            Absent the stay of removal ordered by the 9th Circuit, JERONIMO would
15          immediately be removed to Guatemala.

16          In light of the above, the reviewer recommends that JERONIMO be continued in
            detention pending the outcome of the 9th Circuit PFR.
17
18   (Dkt. 13 at R313).  On February 16, 2007, ICE Field Office Director A. Neil Clark followed the

19   recommendation and informed petitioner that he would continue to be detained "pending the

20   result of [his] appeal before the Ninth Circuit Court of Appeals." (Dkt. 13 at R311).

21          On April 30, 2007, Magistrate Judge Monica J. Benton issued a Report and

22   Recommendation ("R&R"), recommending that petitioner's first habeas petition be dismissed.

23   *See Jeronimo-Pablo*, No. C06-1606-RSL, Dkt. 26 (W.D. Wash. 2007).  After the R&R was

24   issued, petitioner filed a Motion for Lower Bond and Release Consideration.  *Id.*, Dkt. 27.  The

25
26   REPORT AND RECOMMENDATION
     PAGE – 3

Government opposed the motion, noting that as since his last custody review, petitioner has

been detained without bond, and that the Court lacked authority to lower bond.  *Id., Dkt. 28.*

On May 29, 2007, the Honorable Robert S. Lasnik adopted the R&R, denying petitioner's first

habeas petition, granting the Government's motion to dismiss, and denying petitioner's motion

for lower bond.  *Id.*, Dkt 30.  Judge Lasnik's order stated that

> [e]ven if petitioner were entitled to an additional post-custody review, which he is
> not as set forth in the Report and Recommendation, the Court lacks authority to
> order lower bond or his release.  The authority to make those determinations rests
> solely with United States Immigration and Customs Enforcement ("ICE").  *See,
> e.g., INS v. Ventura*, 537 U.S. 12, 17 (2002); INA § 241(a)(6).

*Id.*

On December 20, 2007, petitioner filed the instant habeas petition, requesting that the

Court release him under house arrest or on bond in the amount of $1500.  (Dkt. 6).  Respondent

has filed a Return Memorandum and Motion to Dismiss.  (Dkt. 11).  Petitioner did not file a

response.  The habeas petition and motion to dismiss are now ready for review.

III.  DISCUSSION

Petitioner argues that "the $5,000 bond imposed on him is excessive and violates his

eighth amendment for release on reasonable bond."  (Dkt. 6).  Petitioner request that he "be

released under house arrest or in the alternative the bond to be reduced to $1500."  (Dkt. 6).

Respondent argues that the petition appears to be based on the mistaken premise that petitioner

is still eligible for release on $5,000 bond.  Respondent notes that since his last custody review,

petitioner has been detained without bond.  (Dkt. 11 at 4).  Thus, according to respondent,

petitioner's request is misplaced and moot.  Respondent further argues that even if petitioner

was still eligible to post bond, Judge Lasnik already determined that this Court lacks jurisdiction

REPORT AND RECOMMENDATION
PAGE – 4

to order his release or lower bond his bond because the discretion to make such decisions has been delegated to ICE. *Id.* The Court agrees with respondent that petitioner's request for a lower bond is moot.

For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002). "When a controversy no longer exists, the case is moot." *Id.* Because petitioner is detained without bond, the Court finds that petitioner's request for a lower bond amount should be dismissed as moot. *See, e.g., Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992) (holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe). Moreover, as Judge Lasnik previously held, "the Court lacks authority to order lower bond or his release." *Jeronimo-Pablo v. Clark*, No. C06-1606-RSL (W.D. Wash. May 29, 2007). Accordingly, I recommend that respondent's motion to dismiss be granted, and that this action be dismissed with prejudice. A proposed Order accompanies this Report and Recommendation.

## IV. CONCLUSION

For the foregoing reasons, I recommend that respondent's motion to dismiss be granted, and that the action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 22nd day of April, 2008.

James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 5